**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRIK BAGHRAMYAN, | No. 15-71159 |
| Petitioner, | Agency No. A089-696-998 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2020[**]

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Petitioner Henrik Baghramyan seeks review of the Board of Immigration

Appeals' ("BIA") final order affirming the immigration judge's ("IJ") denial of his

requests for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT"). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  Substantial evidence supports the BIA's determination that the IJ's adverse credibility finding was not clearly erroneous.  See Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (stating standard).  Petitioner testified inconsistently about whether he made a copy of the video and about whether he gave a copy of the video to the police.  He testified inconsistently about how many times police detained him and when his arrests occurred.  Petitioner premises his claims for relief on allegations that police detained and abused him and threatened his life for exposing an incident of sexual misconduct by a general's father.  Thus, his inconsistent testimony concerned not minor details but, instead, issues that are central to his claims.  And, although in cases governed by the REAL ID Act, "inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."  Id. at 1046–47.  Additionally, the IJ and BIA permissibly considered Petitioner's 2005 visa fraud.  See Enying Li v. Holder, 738 F.3d 1160, 1163 (9th Cir. 2013) (holding that, even under pre-REAL ID Act standards, "[t]he law of this circuit permits the use of the maxim falsus in uno, falsus in omnibus in the immigration context").

Petitioner had notice and an opportunity to explain the inconsistencies.  See Ren v. Holder, 648 F.3d 1079, 1092 n.14 (9th Cir. 2011) (noting that the agency must advise a petitioner that his credibility is questionable and give him an

2

opportunity to explain before relying on an inconsistency to support an adverse credibility determination). Petitioner was asked about the visa fraud and discrepancies in his testimony on cross-examination and by the IJ. The BIA and IJ properly considered Petitioner's explanations before making their decisions. Rizk v. Holder, 629 F.3d 1083, 1088 (9th Cir. 2011). Petitioner's explanations do not compel a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B).

We must uphold an adverse credibility determination "so long as even one basis is supported by substantial evidence." Rizk, 629 F.3d at 1088. Petitioner failed to establish that "any reasonable adjudicator would be compelled" to disagree with the adverse credibility determination premised on Petitioner's inconsistent testimony and visa fraud. § 1252(b)(4)(B). Because Petitioner thus failed to meet his burden of proving that he suffered past persecution or that there is a clear probability of future persecution, we deny the petition as to Petitioner's claims for asylum and withholding of removal.

2. Substantial evidence also supports the BIA's determination that Petitioner did not demonstrate eligibility for CAT relief. See Shrestha, 590 F.3d at 1048 (stating standard of review and CAT standard). Petitioner's CAT claim was premised "on the same statements . . . that the BIA determined to be not credible." Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir. 2003). The BIA properly

considered the record evidence independent of Petitioner's discredited testimony and concluded that the affidavits and country conditions report were not sufficient to establish that Petitioner was more likely than not to be tortured if removed. Id. The country conditions report corroborates only that police in Armenia sometimes engage in torture but not that Petitioner specifically would be targeted. Thus, the adverse credibility finding also supports denial of CAT relief. Shrestha, 590 F.3d at 1049.

**PETITION DENIED.**